UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LORIE ATWATER,

Plaintiff,

v.

COUNTY OF LOS ANGELES, *et al.*,

Defendants.

Case No.: 3:26-cv-00021-MMD-CSD

ORDER

## I.   SUMMARY

Pro se Plaintiff Lorie Atwater sued Defendant County of Los Angeles (the "County") and other individual defendants alleging First Amendment retaliation, due process, and equal protection violations under 42 U.S.C. § 1983 and disability-based discrimination under the Americans with Disabilities Act ("ADA") against the Los Angeles County Sheriff's Department ("LASD") and its supervisors and outside counsel. (ECF No. 1 ("Complaint").) Before the Court is Defendant County's motion to dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 28 ("Motion").) Atwater previously filed a motion for a temporary restraining order (ECF No. 2), and individual Defendants Chaena B. Dade, Molshree Gupta, Kjar, McKenna & Stockalper, LLP ("KMS"), Maria L. Nixon, and Sergeant Oleg Polissky filed a motion to dismiss (ECF

---

[1]Plaintiff responded (ECF No. 31), and Defendant replied (ECF No. 37).

No. 42).[2] For the reasons discussed below, the Court will grant dismissal for a lack of personal jurisdiction.[3]

## II.  BACKGROUND

The following facts are adapted from Plaintiff's Complaint (ECF No. 1). This action arises from a dispute involving alleged misconduct by the Los Angeles County Sheriff's Department and associated officials. Plaintiff Atwater is a current resident of Lyon County, Nevada and a former resident of California and officer of the LASD. (*Id.* at 3.) Defendant LASD is a California-based municipal public entity. (*See id.*)

Atwater alleges that, "Beginning in 2020, LASD initiated retaliatory enforcement actions including invented charges related to firearm ownership and alleged threats." (*Id.* at 5.) After being "warned by an insider that LASD was 'after her,'" Atwater "relocated to Nevada in October 2020." (*Id.*) On May 1, 2020, Atwater alleges that "LASD personnel conducted a DNA seizure," which she construes as "retaliatory escalation." (*Id.*; *see also* ECF No. 31 at 8.) Atwater further claims that, after relocating to Nevada, she suffered professional, reputational, and emotional harm—including the "inability to work, homelessness, and bankruptcy"—arising from criminal and administrative reporting that "falsely entered as a felony conviction," which, in turn, resulted in the loss of her California insurance license. (ECF No. 1 at 5, 7.)

There is separate pending litigation in California connected to these allegations. On February 20, 2024, Atwater filed an earlier action in the United States District Court for the Centra District of California (Case No. 2:24-cv-01371-CV) against the County and

---

[2]Because the Court will grant Defendant County's Motion (ECF No. 28), it will deny all other pending motions as moot. Moreover, having found a lack of personal jurisdiction over Defendant County, the Court *sua sponte* dismisses the claims against the individually named, initially "non-moving" Defendants on the same basis, as they are in a position similar to the County. *See generally Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). The Court further notes that the individually named Defendants raise the same or similar arguments as the County in their later-filed motion to dismiss (ECF No. 42).

[3]Because the Court grants the Motion based on a lack of personal jurisdiction, it does not reach or address the Defendant's arguments as to other grounds for dismissal.

several defendants, asserting multiple claims under 42 U.S.C. § 1983 involving interactions with the LASD in 2019 and 2020 in California. (*See* ECF Nos. 28-5; 28-1.)

## III.  DISCUSSION

As noted, Defendant County seeks dismissal of Atwater's claims under Federal Rules of Civil Procedure 12(b)(2)[4] and 12(b)(6)[5]. (ECF No. 28.) For the reasons discussed below, the Court agrees that dismissal is proper for lack of personal jurisdiction under Rule 12(b)(2).

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citation omitted). A two-part analysis governs whether a court retains personal jurisdiction over a non-resident defendant. *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Id.* Because "Nevada's long-arm statute, NRS [§] 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *Baker v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000) (citation omitted).

"Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05 (citation omitted). "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* at 1405 (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific

---

[4]Under Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction.

[5]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that, to withstand a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a district court must accept as true all well-pled factual allegations in a complaint, while legal conclusions are not entitled to the assumption of truth).

jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017).

Defendant County argues that Atwater fails to make, and cannot make, the required prima facie showings of general or specific jurisdiction. (ECF No. 28 at 6.) In response, Plaintiff contends that jurisdiction is proper based on Atwater's relocation to Nevada and the alleged "subsequent conduct" and "continuing harm" that ensued. (ECF No. 31 at 8.) The Court agrees with Defendant, as Plaintiff's claims are not substantially related to nor arise out of any alleged "forum contacts" with Nevada, and Plaintiff appears to conflate any resulting harm with events that occurred in California. (*See* ECF No. 37 at 6.)

### A.    General Jurisdiction

Defendant County expressly challenges general jurisdiction. (ECF No. 28 at 11-12.) Atwater counters that she seeks redress, in part, for "the revocation of [her] professional license in California" due to "California administrative records associated with the [May 1, 2020] incident" and for the "California authorities" to pursue inquiries by the "Nevada Attorney General's Office" regarding the underlying events. (ECF No. 31 at 4-5.) When a defendant challenges personal jurisdiction, the party asserting jurisdiction has the burden to establish jurisdiction is proper. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citation omitted); *see also Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("the party asserting jurisdiction has the burden of establishing it if his allegations are challenged in any appropriate manner") (citation omitted). Atwater's response falls well short of her burden to establish general jurisdiction, and the Court finds that it lacks general jurisdiction over Defendant.

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in 'continuous and systematic general business contacts,' . . . that 'approximate physical presence' in the forum state." *CollegeSource, Inc.*, 653 F.3d at 1074 (citations omitted). The overriding inquiry is whether the defendant's "affiliations with

the State are so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citation omitted). Defendant is not "at home" in Nevada. Rather, Defendant County is a municipal public entity formed, chartered, and operating in California. Moreover, Defendant's activities, as alleged in the Complaint, are neither "substantive" nor "continuous and systematic" enough as to render it having a physical presence in the forum.

Accordingly, the Court finds that Plaintiff has failed to meet her prima facie burden of establishing that general jurisdiction over Defendant exists.

### B. Specific Jurisdiction

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts[.]" *CollegeSource, Inc.*, 653 F.3d at 1075. In examining whether specific jurisdiction exists, the minimum contacts inquiry is "defendant-focused"—the relationship to be examined is that between the defendant and the forum state, and that relationship must arise out of the defendant's own contacts "with the forum state itself, not . . . with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014). Specifically, a court may exercise specific jurisdiction over a defendant only where "the defendant's *suit-related conduct*" creates "a substantial connection with the forum [s]tate." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284-85) (emphasis added). To be clear, a plaintiff's contacts with the defendant and the forum state cannot drive the jurisdictional analysis, even though "a defendant's contacts with the forum [s]tate may be intertwined with [its] transactions or interactions with the plaintiff or other parties." *Walden*, 571 U.S. at 286, 289.

The Ninth Circuit provides a three-prong test for analyzing an assertion of specific jurisdiction: "(1) The non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which

arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *CollegeSource, Inc.*, 653 F.3d at 1076 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) (emphasis added). The party asserting jurisdiction bears the burden of satisfying the first two prongs. *See id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If it does so, the burden then shifts to the party challenging jurisdiction to set forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *See id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

The first prong, which refers to both purposeful availment and purposeful direction, is often determinative. *See, e.g.*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme* ("*La Ligue*"), 433 F.3d 1199, 1206 (9th Cir. 2006). Here, Defendant argues that the County "did not purposefully avail [itself] of the privilege of conducting activities in Nevada" or otherwise direct conduct toward the forum. (ECF No. 28 at 13.) In this case, Atwater was a California resident who later chose to relocate to Nevada on her own accord. (*Id.*) Thus, Defendant contends that any Nevada-related contact—arising from the underlying California litigation—was incidental to and necessitated by Atwater's relocation, rather than the result of Defendant's own purposeful conduct. (*Id.*) As to the second prong for claim relatedness, Defendant argues that Atwater's claims do not arise out of any forum-related activities, as the alleged conduct occurred entirely in California. (*See id.* at 14.) Accordingly, the Court agrees and finds that Atwater fails to satisfy the purposeful availment or direction requirement and that her claims do not arise out of or relate to any forum-related activities.

Lastly, even assuming Atwater could satisfy the first and second prongs, the Court finds that the exercise of specific jurisdiction over Defendants would be unreasonable. Whether the exercise of jurisdiction comports with fair play and substantial justice is an inquiry into whether a court's exercise of jurisdiction would be reasonable. *See Schwarzenegger*, 374 F.3d at 802. Reasonableness turns on the consideration of seven

6

factors: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (citation omitted).

The Court agrees that all factors suggest that the exercise of jurisdiction over Defendant County would be unreasonable. The first factor weighs strongly against the exercise of jurisdiction because the extent and degree of Defendant's interjection into Nevada's affairs is marginal; rather, as Defendant points out, it was Atwater who decided to relocate to Nevada on her own volition. (ECF No. 28 at 15.) Factor two also weighs against the exercise of jurisdiction because Defendant is burdened by defending this case where it is not a resident, i.e., Nevada. Factors five and seven work in tandem against the exercise of jurisdiction, as California is both an available alternative forum and the more efficient forum for resolution of this dispute, given that it is the locus of the events at issue and the site of ongoing related litigation. And, finally, as to factor six, Atwater will not be precluded from obtaining effective relief in California. Thus, all factors suggest it would be unreasonable to exercise jurisdiction over Defendant.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant County of Los Angeles's motion to dismiss (ECF No. 28) is granted.

It is further ordered that the individual Defendants are also dismissed for a similar reason—lack of personal jurisdiction. Accordingly, their motion to dismiss (ECF No. 42)

is denied as moot. It is further ordered that Plaintiff's motion for a temporary restraining order (ECF No. 2) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th Day of April 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE